UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA BERENSON REPYAK,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                Defendant. | CASE NO. C15-1054-RSL-MAT<br><br>REPORT AND RECOMMENDATION RE:<br>SOCIAL SECURITY DISABILITY<br>APPEAL |

Plaintiff Lisa Berenson Repyak proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1968.[1] She has a bachelor's of fine arts and previously worked as an interior designer. (AR 47-48.)

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

Plaintiff filed an application for DIB in February 2012, alleging disability beginning November 3, 2010.[2] (AR 189-94.) Her application was denied at the initial level and on reconsideration, and she timely requested a hearing. (AR 106-08, 113-16.)

On October 11, 2013, ALJ Verrell Dethloff held a hearing, taking testimony from Plaintiff and a lay witness. (AR 44-72.) On November 1, 2013, the ALJ issued a decision finding Plaintiff not disabled. (AR 22-38.)

Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on May 8, 2015 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 24-25.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's ischemic heart disease, affective disorder, and anxiety disorder. (AR 25.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 25-26.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

---

[2] At the administrative hearing, Plaintiff requested that the ALJ consider a closed period of disability, between November 3, 2010, and April 30, 2012. (AR 47.)

residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform a range of light work as defined in 20 C.F.R. § 404.1567(b). She can occasionally lift/carry up to 20 pounds, and frequently lift/carry up to 10 pounds. She can stand/walk for about six hours of an eight-hour day, and sit for about six hours in an eight-hour day. She can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance; and frequently stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to extreme cold, heat, wetness, humidity, vibration, fumes, odors, dusts, gases, poor ventilations, and hazards ("machinery, heights, et cetera"). (AR 26.) She can sustain concentration, persistence, and pace for at least simple, repetitive tasks. (AR 26-32.) With that assessment, the ALJ found Plaintiff unable to perform her past relevant work. (AR 32.)

The ALJ proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ relied on the Medical-Vocational Guidelines to find Plaintiff not disabled. (AR 32-38.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

REPORT AND RECOMMENDATION
PAGE - 3

Plaintiff argues the ALJ erred in discounting her credibility, and discounting the lay witness testimony of Sima Kahn, M.D.  She also argues that new evidence submitted for the first time to the Appeals Council warrants a remand, if the Court rejects her request for a remand for a finding of disability (based on the other assignments of error).  The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed, and that if it is remanded, it should be remanded for further proceedings.

## Credibility

The ALJ discounted Plaintiff's credibility for reasons summarized in one paragraph:

> The record of the claimant's mental health treatment strongly suggests that her depression and anxiety was largely situational and driven by her unresolved differences with her husband and reluctance to return to her stressful job.  Dr. Cohen summarized all this very well, noting the claimant's anger toward her husband for his putative selfishness, her concerns over finances (again due to the husband not working) and difficulties in parenting her child.  The claimant also expressed anxiety over being able to return to her job and work at prior production levels after surgery.  The claimant's inability to drive or leave the house are related to her situational depression and anxiety, and as the medication prescribed by Dr. Patel assuaged her symptoms she was able to start leaving the house and driving, eventually driving her son to school and soccer practice.  Ultimate[ly] the claimant was able to accept contract work and begin performing volunteer work.  At the hearing she displayed a thick file folder with all of her job search materials.  The claimant has always clearly intended to return to work.  While she had issues with returning to her past job, the inability to perform at that level does not render her "disabled."

(AR 30.)  Plaintiff also points to the ALJ's discussion of the medical evidence to glean an additional credibility reason: the ALJ's summary of the medical record indicates that Plaintiff's symptoms improved with treatment.  Dkt. 16 at 5-6.  Plaintiff argues that the ALJ's reasons are not clear and convincing, as required in the Ninth Circuit.  *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The ALJ first noted that Plaintiff's heart condition resolved within 90 days, and thus fails

to meet the Social Security Act's 12-month durational requirement. (AR 27.) Plaintiff argues that it is irrelevant that her heart condition resolved quickly, because she testified at the hearing that she was unable to work due to psychological limitations, rather than limitations caused by her heart condition. Dkt. 19 at 3. But Plaintiff did not entirely disclaim physical limitations. In her benefits application, Plaintiff listed heart-related impairments as limiting her ability to work. (AR 208.) And at the hearing, Plaintiff also described, *inter alia*, physical symptoms and limitations that contributed to her alleged inability to work during the period under consideration. (AR 50, 56-58.) Thus, to the degree that Plaintiff alleged physical limitations caused by her cardiac condition, the ALJ explained why the record indicated that those limitations were not disabling, as the term is defined by the Social Security Act, and Plaintiff has not shown that this finding is erroneous.

The remainder of the ALJ's discussion of the medical record is simply a summary of medical treatment notes. (AR 28-29.) This type of discussion does not amount to a credibility rationale, because the ALJ did not specifically link those findings to Plaintiff's allegations, or explain the import of particular findings in light of her allegations. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493-95 (9th Cir. 2015).

The Commissioner also defends the ALJ's findings that Plaintiff's depression and anxiety was "situational," arguing that the ALJ used this term to refer to the "expected duration of her symptoms, not how limiting they were[.]" Dkt. 16 at 11. But "situational" does not mean "temporary," and nothing in the text of the ALJ's decision indicates that he used "situational" to refer to duration. Instead, it appears that the ALJ used "situational" to refer to the cause of Plaintiff's symptoms: the ALJ posited that Plaintiff's symptoms were caused by "her unresolved differences with her husband and reluctance to return to her stressful job." (AR 30.) But as

Plaintiff notes, she was nonetheless diagnosed with depression and anxiety — whatever the underlying cause — and the ALJ's identification of exacerbating factors does not suggest that Plaintiff's depression and anxiety were less limiting than she alleged. *See* Dkt. 19 at 3. The Commissioner argues that Plaintiff's "symptoms were rapidly ameliorated when she complied with treatment" (Dkt. 16 at 11), but the evidence cited as showing "rapid improvement" does not actually indicate this result. *See* Dkt. 16 at 12 (citing AR 663, 700).

It is also unclear how Plaintiff's "reluctance" to return to work undermines her credibility, particularly because the ALJ acknowledged that Plaintiff "always clearly intended to return to work." (AR 30.) The ALJ apparently interpreted the evidence related to Plaintiff's job searches as indicating that Plaintiff believed she was disabled because she could not perform her past work, but the ALJ cited no evidence to support that hypothesis. (*Id.*) On the contrary, at the hearing Plaintiff described symptoms that she felt would preclude any work, not simply her previous work, such as an inability to leave the house, an inability to complete hygiene activities or household tasks, and memory and thinking deficits. (AR 56-57.) Accordingly, the ALJ's reasoning in this respect is not supported by substantial evidence.

Because the ALJ's error in rejecting lay evidence requires a remand for further proceedings (as discussed *infra*), the ALJ shall also reconsider the adverse credibility determination on remand.

### Lay Evidence

Between December 2011 and June 2012, Plaintiff worked with Sima Kahn, M.D., a healthcare advocate, who helped Plaintiff navigate her course of treatment and select a team of providers. (AR 60-71.) Dr. Kahn testified that she believed Plaintiff could have worked part-time in June 2012, and that her ability to work full-time was restored sometime after that. (AR

REPORT AND RECOMMENDATION
PAGE - 6

70-71.) The ALJ rejected Dr. Kahn's opinion as an advocate, because her opinions were not based on objective medical findings. (AR 31-32.)

The ALJ's assessment of Dr. Kahn's testimony assumes that Dr. Kahn's testified as a medical expert, rather than as a layperson. But Dr. Kahn clearly indicated that her role did not involve any diagnosis or treatment. (AR 63.) Dr. Kahn did not have a doctor-patient relationship with Plaintiff; she was hired as an advocate only, and was not acting as a physician-advocate for Plaintiff. This distinction in Dr. Kahn's relationship with Plaintiff distinguishes this case from cases cited by the Commissioner. *See, e.g.*, *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992) (affirming an ALJ's decision stating that a physician's "conclusions were entitled to less weight because he had agreed to become an advocate and assist in presenting a meaningful petition for Social Security benefits").

As argued by Plaintiff, the only reason the ALJ provided for discounting Dr. Kahn's testimony was that she was not acting as a physician when consulting with Plaintiff. Dkt. 9 at 14. But simply noting Dr. Kahn's status as a non-physician is not a germane reason to discount her testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) (holding that if an ALJ chooses to discount testimony of a lay witness, the ALJ must provide "reasons that are germane to each witness," and may not simply categorically discredit the testimony). The ALJ did not provide a germane reason to discount Dr. Kahn's opinion as lay evidence, and must therefore reconsider her testimony on remand.[3]

---

[3] Although Plaintiff requests a remand for a finding of disability, the Court finds that this remedy is inappropriate. Instead, the Court recommends a remand for further proceedings, which is not, as Plaintiff contends, a "rare" remedy. Dkt. 9 at 11. On the contrary, a remand for a finding of disability is the rare remedy. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 & n. 4 (9th Cir. 2014).

Although the ALJ's decision does contain errors, as discussed, the record does not overwhelmingly indicate that Plaintiff is, in fact, disabled. The ALJ noted that none of Plaintiff's treating

REPORT AND RECOMMENDATION
PAGE - 7

Appeals Council Evidence

On remand, the ALJ will have the opportunity to consider evidence submitted for the first time to the Appeals Council, as well as any other new evidence submitted by Plaintiff.

CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further administrative proceedings.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 4, 2016**.

DATED this 16th day of February, 2016.

Mary Alice Theiler
United States Magistrate Judge

---

physicians opined that she could not work during the period at issue. (AR 32.) The ALJ also noted that although Plaintiff contended that her physical impairments contributed to her disability, her physical conditions resolved quickly with treatment and would not meet the Social Security Act's durational requirement. (AR 27.) Because there remain conflicts in the record as to whether Plaintiff is in fact disabled, further proceedings are appropriate. *See Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

REPORT AND RECOMMENDATION
PAGE - 8